**JIN FU CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

No. 06–4381–ag.

United States Court of Appeals, Second Circuit.

Oct. 3, 2008.

Jin Fu Chen, pro se, Woodside, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Shelley R. Goad, Senior Litigation Counsel; Kristin A. Moresi, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSEPH M. McLAUGHLIN, and Hon. GUIDO CALABRESI, Circuit Judges.

***SUMMARY ORDER***

Petitioner Jin Fu Chen, a native and citizen of the People's Republic of China, seeks review of an August 22, 2006 order of the BIA affirming the September 20, 2004 decision of Immigration Judge ("IJ")

Theresa Holmes–Simmons denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Fu Chen*, No. A 78 978 309 (B.I.A. Aug. 22, 2006), *aff'g* No. A 78 978 309 (Immig. Ct. N.Y. City Sept. 20, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir.2007).

We conclude that substantial evidence supports the IJ's adverse credibility determination. The IJ reasonably found that Chen's admission that he presented a false claim to Canadian officials cast doubt on his current asylum claim. Indeed, in Canada, Chen claimed to be a Falun Gong practitioner. Because Chen has failed to challenge that finding in his brief, we deem any such challenge should be deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005). And, the fact that Chen presented a false refugee claim to Canadian officials properly substantiated the agency's adverse credibility determination. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

Additionally, the IJ reasonably found it implausible that Chen would divorce his wife in order to have more children with her, where he stated that his wife continued to wear the IUD even after the divorce. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Similarly, the IJ properly found it implausible that Chen's wife would submit to IUD inspections if she was in hiding. Moreover, the IJ reasonably found it implausible that although Chen allegedly continued to work at the same job, he evaded the authorities by having his employers tell them that he no longer worked there. *Cf. Ying Li v. BCIS*, 529 F.3d 79, 82 (2d Cir.2008) ("[W]hen an adverse credibility finding is based partly or entirely on implausibility, we review the entire record, not whether each unusual or implausible feature of the account can be explained or rationalized."). These implausibilities further substantiated the agency's adverse credibility determination. *See id.*

Overall, the IJ's adverse credibility finding was supported by substantial evidence. *See Siewe*, 480 F.3d at 170. Thus, the agency's denial of Chen's applications for asylum, withholding of removal, and CAT relief was proper because each claim rested on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for *in forma pauperis* is DISMISSED as moot. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).